**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **CARL A. ELKINS,** | |
| **Petitioner,** | |
| **v.** | **No. 22-CV-071-JFH-JAR** |
| **CARRIE BRIDGES, Warden,** | |
| **Respondent.** | |

## OPINION AND ORDER

This action is before the Court on Respondent Warden Bridges' ("Bridges) motion to dismiss Petitioner Carl A. Elkins' (Elkins) petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Dkt. No. 9. Elkins is a pro se prisoner in the custody of the Oklahoma Department of Corrections who is incarcerated at James Crabtree Correctional Center in Helena, Oklahoma. He is attacking his conviction in Wagoner County District Court Case No. CF-99-249 for Second Degree Murder. Elkins filed a response to the motion to dismiss [Dkt. No. 13], and Bridges filed a reply [Dkt. No. 14].

Elkins raises the following grounds for habeas corpus relief:

I.     Oklahoma Lacked Jurisdiction.

II.     As the State Court did not use 18 USC §§ 1152, 1153 to establish Jurisdiction for the Indian defendant or Victim, they would have committed "{Racial-Prejudicing}," thereby fulfilling the requirement for the Strickland v. Washington--(1984), for The United States Supreme Court's "{Ineffective Assistance of Counsel}," as well as the defense Attorney did not raise the issue as well, committing Ineffective Assistance of Counsel, violating Petitioner's 4th, 5th, 6th, 14th Amendments Rights, to an Fair Trial.

III.     States Violation of United State Constitution, Amendment VI Right to Speedy Trial, by denial of "Federal Speedy Trial Act, 18 U.S.C.A. §§ 3161-74."

Dkt. No. 1 at 5, 7-8 (spelling and syntax in original).

Bridges filed a motion to dismiss the petition as time-barred, or in the alternative, for failure to exhaust necessary state remedies.  Dkt. No. 9.  "A threshold question that must be addressed in every habeas case is that of exhaustion."  *Harris v. Champion*, 15 F.3d 1538, 1554 (10th Cir. 1994).  The Court must dismiss a state prisoner's habeas petition if he has not exhausted the available state court remedies as to his federal claims.  *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991).  In federal habeas corpus actions, the petitioner bears the burden of showing he has exhausted his state court remedies as required by 28 U.S.C. § 2254(b).  *See Clonce v. Presley*, 640 F.2d 271, 273 (10th Cir. 1981); *Bond v. Oklahoma*, 546 F.2d 1369, 1377 (10th Cir. 1976).  To satisfy the exhaustion requirement, a claim must be presented to the State's highest court through a direct appeal or a post-conviction proceeding.  *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).  Under the doctrine of comity, a federal court should defer action on claims properly within its jurisdiction until a state court with concurrent power has had an opportunity to consider the matter.  *Rose v. Lundy*, 455 U.S. 509, 518-19 (1982).

The record shows that while Elkins raises three claims in this petition, he raised only one issue of an excessive sentence in his direct appeal in Case No. F-2000-239.  Dkt. No. 10-3 at 1. He raises no excessive sentence claim in the petition.  In 2015, Elkins filed a petition for state post-conviction relief in state district court, but did not raise any of the claims presented in the habeas petition.  Dkt. No. 10-4.  The post-conviction claims were:  Proposition 1, "The Court of Criminal Appeals failed to apply the proper standard under the United States Constitution's Eighth Amendment in assessing whether Petitioner's sentence was excessive;" Proposition 2, "The Court of Criminal Appeals failed to apply the term 'cruel or unusual' under the Oklahoma Constitution's Article II, § 9 in assessing whether Petitioner's sentence was excessive;" and Proposition 3,

2

"Appellate Counsel provided ineffective assistance in violation of the Six [sic] Amendment" for failing to challenge the sentence as excessive under Article II, § 9 of the Oklahoma Constitution, failing to challenge the district court's lack of a competency hearing, failing to raise a challenge to the absence of a lesser-included offense instruction, and failing to challenge the sufficiency of the evidence.  Dkt. 10-4.  Elkins never appealed the denial of his post-conviction application.  Dkt. No. 10-7 at 9.  Therefore, even if Elkins' habeas claims are timely, he is required to return to state court to exhaust his state court remedies with respect to his habeas claims.

"The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) requires state prisoners to 'exhaus[t] the remedies available in the courts of the State' before seeking federal habeas relief."  *Shinn v. Ramirez*, __ U.S. __, 142 S.Ct. 1718, 1724 (2022).  This requirement is codified at 28 U.S.C. § 2254(b)(1)(A), which provides, "An application for a writ of habeas corpus . . . shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State."  The exhaustion doctrine expresses a policy of federal-state comity.  Its purpose is to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights.  *Picard v. Connor*, 404 U.S. 270, 275 (1971) (citation omitted).  "Generally, a federal court should dismiss unexhausted claims without prejudice so that the petitioner can pursue available state-court remedies."  *Bland v. Sirmons*, 459 F.3d 999, 1012 (10th Cir. 2006) (citation omitted).

The "'petitioner bears the burden of demonstrating that he has exhausted his available state remedies.'"  *McCormick v. Kline*, 572 F.3d 841, 851 (10th Cir. 2009) (quoting *Oyler v. Allenbrand*, 23 F.3d 292, 300 (10th Cir. 1994)); *see also Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995) (same).  The Tenth Circuit has explained the exhaustion requirement as follows:

> In order to satisfy the exhaustion requirement, a federal habeas corpus petitioner must show that a state appellate court has had the opportunity to rule on the same claim presented in federal court, or that at the time he filed his federal petition, he had no available state avenue of redress. The rationale for this requirement is that state courts will enforce the federal constitution as fully and fairly as a federal court.

*Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992) (citations omitted).

"[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Because Elkins has not yet presented his habeas corpus claims to the highest state court, the Court finds his petition must be dismissed for failure to exhaust his state court remedies. *See Dever*, 36 F.3d at 1534.

The Court also finds Petitioner cannot show that at the time he filed his habeas petition, he had "no available state avenue of redress." *Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992) (citing *Anderson v. Harless*, 459 U.S. 4, 8 (1982)). Petitioner claims he was not required to exhaust his jurisdictional claims because the Oklahoma courts lack "jurisdiction" over his offense and, therefore, he has no available avenues for corrective process. Dkt. No. 1 at 5. The Western District of Oklahoma recently rejected a substantially similar argument:

> Liberally construing his objections, Petitioner contends he did not have to exhaust his state remedies because Oklahoma lacks subject matter jurisdiction under the Supreme Court's recent decision in *McGirt v. Okla.*, 140 S. Ct. 2452 (2020). Petitioner is incorrect and he must exhaust his state court remedies before proceeding in habeas corpus.

*Waddell v. Crow*, No. CIV-21-587-J, 2021 WL 2932742, at *1 (W.D. Okla. July 12, 2021) (unpublished).

After careful review, the Court finds Elkins has failed to exhaust his state court remedies, which is a threshold issue in each habeas case. *See Harris*, 15 F.3d at 1554. Therefore, Bridges'

motion to dismiss the petition as unexhausted is granted, and the Court declines to address the balance of Bridges' motion concerning the statute of limitations.  Regarding Elkins' unspecified "motion" concerning an alleged lack of legal licenses of the judge, prosecutor, and defense attorney to practice in Indian Country [Dkt. No. 12], the Court finds this claim also is unexhausted.

The Court further finds Petitioner has failed to make a "substantial showing of the denial of a constitutional right," as required by 28 U.S.C. § 2253(c)(2).  In addition, he has not shown "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether [this] Court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Therefore, a certificate of appealability cannot be issued.

IT IS THEREFORE ORDERED that:

1.  Respondent Bridges's motion to dismiss for failure to exhaust state court remedies [Dkt. No. 9] is granted, and the petition is dismissed without prejudice.

2.  Elkins' unspecified "motion" [Dkt. No. 12] is denied as unexhausted.

3.  Petitioner Elkins is denied a certificate of appealability.

Dated this  18th day of May 2023.

_____
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE